UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | | |
|---|---|---|
| JERMAINE COOPER, | : | CASE NO. 4:15-CV-2199 |
| Petitioner, | : | |
| vs. | : | OPINION & ORDER |
| RALPH HANSON, WARDEN, | : | |
| Respondent. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Jermaine Cooper is a federal inmate incarcerated at FCI Elkton. Without counsel, he has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal drug and firearms convictions in the Northern District of Indiana. *See USA v. Cooper*, 1: 09 CR 51-TLS (N.D. Ind.). His application to proceed *in forma pauperis* (Doc. No. 2) is granted; however, for the reasons stated below, his petition is denied and this action is dismissed.

**Standard of Review**

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. §2243; *Alexander v. Northern Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011). The Court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 habeas petitions under Rule 1(b)).

**Analysis**

The Petitioner's alleged basis for his petition is that "newly discovered evidence" has become available to him which demonstrates that the Government's lead witness (Christopher Minick) intentionally provided false testimony at his trial. (Doc. No. 1 at 1.) Petitioner submits un-notarized affidavits which he contends demonstrate that Minick provided false testimony corroborating false testimony given by Fort Wayne Detective Marc Brown. Petitioner contends Minick's and Brown's false testimony demonstrates he is "illegally incarcerated" on an "illegal sentence," and he asks this Court to vacate his sentence under § 2241. (*See id*. at 2-3.)

Petitioner is not entitled to relief under § 2241. "Sections 2255 and 2241 provide the habeas statutory scheme for federal prisoners." *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 is the primary avenue of relief for federal prisoners to challenge their conviction or sentence, while § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Thus, "courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255 . . ., and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).

Only in very narrow circumstances may a prisoner challenge his conviction or sentence in the custodial court under § 2241. To do so, the prisoner must show that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. §

2255(e). Section 2255 relief is not inadequate or ineffective, however, merely because § 2255 relief has already been denied, the petitioner is procedurally barred from pursuing § 2255 relief, or the petitioner has been denied permission to file a second or successive § 2255 motion. *Barnes v. United States*, 102 Fed. App'x 441, 443 (6th Cir. 2004). Rather, the savings clause has been interpreted to allow a § 2241 petition only where a petitioner claims "actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255." *Hayes v. Holland*, 473 Fed. App'x 501, 501-02 (6th Cir. 2012).

Petitioner seeks to challenge his federal conviction and sentence, not merely the execution or manner in which his sentence is served, and he has not raised a claim of actual innocence based on new rule of statutory construction unavailable for attack under § 2255. Accordingly, he is not entitled to relief by way of § 2241. Even assuming the information Petitioner relies upon as "newly discovered evidence" is sufficient to warrant a second or successive motion under § 2255, this Court is not the proper court to consider such an argument. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by an Act of Congress claiming the to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence"); and 28 U.S.C. § 2255(h) ("A second or successive [§ 2255] motion must be certified . . . by a panel of the appropriate courts of appeals . . .").

**Conclusion**

Accordingly, for the reasons stated above, the pending habeas petition is denied and this

action is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


Dated: December 15, 2015          *s/   James S. Gwin*
                                                              JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE